UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-60740-ALTMAN

**JASON TOMAS FERNANDEZ**,

    *Plaintiff*,

v.

**OFFICER YENDI PUENTES**, *et al.*,

    *Defendants*.
_____/

## ORDER

Our Plaintiff, Jason Tomas Fernandez, has brought a civil-rights complaint under 42 U.S.C. § 1983 against five police officers who are employed by the Davie Police Department. *See* Complaint [ECF No. 1]. Fernandez alleges that these five officers battered him and then "knowingly falsified" an affidavit and tampered with a witness to charge Fernandez with "a battery that I never committed." *Id.* at 2. Since Fernandez's claim against the Defendants is inextricably bound up with an ongoing state-court criminal prosecution, we must **DISMISS** this case under the doctrine the Supreme Court laid out in *Younger v. Harris*, 401 U.S. 37 (1971).

### THE LAW

The Court "*shall* review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A (emphasis added). A "prisoner" includes "any person incarcerated or detained in any facility who is . . . accused of [or] convicted of . . . violations of criminal law." *Id.* § 1915A(c). In screening a prisoner's complaint, we must "dismiss the complaint, or any portion of the complaint," when it is (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted," or (2) "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

The Federal Rules of Civil Procedure require, in relevant part, that a well-pled complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "Every pleading . . . must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." FED. R. CIV. P. 11(a). In our Court, a civil-rights complaint submitted by a *pro se* prisoner "must be signed under penalty of perjury." S.D. FLA. L.R. 88.2; *see also* FED. R. CIV. P. 11(a) ("*Unless a rule or statute specifically states otherwise*, a pleading need not be verified or accompanied by an affidavit." (emphasis added)). Additionally, "complaints must substantially follow the form, if any, prescribed by the Court." S.D. FLA. L.R. 88.2(a).

To state a claim upon which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level"—with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Under this standard, legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Moreover, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (internal quotation marks omitted).

Courts may dismiss a plaintiff's complaint for failure to comply with the Federal Rules, the Local Rules, or court orders. *See, e.g.*, *Brutus v. Int'l Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240–41 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). And *pro se* litigants are not exempt from procedural rules. *See Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) ("Despite construction leniency afforded *pro se* litigants, we nevertheless have required them to conform to procedural rules."); *see also Heard v. Nix*, 170 F. App'x 618, 619 (11th Cir. 2006) ("Although *pro se*

complaints must be liberally construed, such complaints still must comply with the procedural rules governing the proper form of pleadings." (cleaned up)); S.D. FLA. L.R. 1.1 ("When used in these Local Rules, the word 'counsel' shall be construed to apply to a party if that party is proceeding pro se."). The Court may not assist a *pro se* plaintiff in constructing "a theory of liability from facts never alleged, alluded to, or mentioned" in the complaint. *Fils v. City of Aventura*, 647 F.3d 1272, 1284 (11th Cir. 2011). Instead, "to prevail on a particular theory of liability, a party must present that argument to the district court." *Ibid.*; *see also GJR Inves., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) ("Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as de facto counsel for a party."), *overruled on other grounds by Iqbal*, 556 U.S. 662.

## ANALYSIS

Fernandez accuses the five Defendants of assaulting him, falsifying evidence against him, and then arresting and charging him based on this allegedly fraudulent evidence. *See* Complaint at 2. Fernandez asks us to prosecute the Defendants "for corruption, perjury, [and] violations of oath of office" and to dismiss the state charges against him "due to lack of merit and perjury and false arrest." *Ibid.* Since Fernandez is *explicitly* claiming that his pending state offenses are predicated on false evidence, we'll take judicial notice of Fernandez's state case, where he's charged with resisting an officer with violence and depriving an officer of a means of protection or communication. *See State v. Fernandez*, No. 20-009094CF10A (Fla. 17th Cir. Ct. Oct. 26, 2020).[1]

---

[1] Federal Rule of Evidence 201 allows us to take judicial notice of records that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 652 (11th Cir. 2020) (quoting FED. R. EVID. 201(b)). "Rule 201 does not require courts to warn parties before taking judicial notice of some fact, but, upon the party's request, it does require an opportunity to be heard after the court takes notice." *Ibid.* "The reason for this caution is that the taking of judicial notice bypasses the safeguards which are involved with the usual process of proving facts by competent evidence in [the] district court." *Dippin' Dots, Inc. v. Frosty Bites Distrib., LLC*, 369 F.3d 1197, 1205 (11th Cir. 2004) (quoting *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997)). We'll therefore allow this Order to serve as notice of our intent to take judicial notice of the state-court docket—a copy of which will be attached to this Order. If Fernandez objects to our decision to take judicial notice, he may note that objection in a motion for reconsideration. Any such

As a federal court, we must abstain from hearing this case because we aren't permitted to interfere with Fernandez's ongoing state-court prosecution. In *Younger*, the U.S. Supreme Court held that principles of equity, comity, and federalism require federal courts to defer to ongoing state-court proceedings. *See* 401 U.S. at 43–44 ("[A] basic doctrine of equity jurisprudence [is] that courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief."). "*Younger* abstention is required when (1) the proceedings constitute an ongoing state judicial proceeding, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Christman v. Crist*, 315 F. App'x 231, 232 (11th Cir. 2009) (citing *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003)). *Younger* requires that federal courts "abstain if the state criminal prosecution commenced before any proceedings of substance on the merits have taken place in federal court, or if the federal litigation is in an embryonic stage and no contested matter has been decided." *For Your Eyes Alone, Inc. v. City of Columbus*, 281 F.3d 1209, 1217 (11th Cir. 2002) (cleaned up). "Federal courts have consistently recognized this limitation on enjoining state criminal prosecutions unless one of a few narrow exceptions is met." *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1263 (11th Cir. 2004). The exceptions to the *Younger* abstention doctrine apply only where: "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Id.* at 1263 n.6 (citing *Younger*, 401 U.S. at 53–54).

The *Younger* abstention doctrine applies here because Fernandez is asking us to dismiss the pending state-court charges on the ground that the arresting officers falsified the evidence against him.

---

motion must be filed **within 28 days** of this Order and **may be no more than ten pages in length**. If the motion for reconsideration is late or exceeds **ten pages**, it will be stricken for non-compliance.

*See Green v. Jefferson Cnty. Comm'n*, 563 F.3d 1243, 1250 (11th Cir. 2009) ("The abstention doctrine derived from *Younger* applies most often in cases involving pending state criminal prosecutions."); *see also, e.g.*, *Turner v. Broward Sheriff's Off.*, 542 F. App'x 764, 764 (11th Cir. 2013) (applying *Younger* where the plaintiff "allege[d] that he was arrested based upon falsified police reports and affidavits"). Although Fernandez appears to argue that *Younger* doesn't apply because the "State has already dropped [the] battery [count]," he's still asking us to dismiss the pending resisting-with-violence charge "due to lack of merit." Complaint at 2. That request brings his complaint comfortably within the ambit of the *Younger* abstention doctrine.

If Fernandez is to proceed in federal court, then, he must meet one of the three *Younger* exceptions. *See Hughes*, 377 F.3d at 1262 ("When a petitioner seeks federal habeas relief prior to a pending state criminal trial the petitioner must satisfy the '*Younger* abstention hurdles' before the federal courts can grant such relief."). But Fernandez doesn't come close to suggesting that he's facing the threat of irreparable injury or that he cannot access an adequate alternative state forum, so he's forfeited his right to rely on those two exceptions. *See United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) ("[F]ailure to raise an issue in an initial brief . . . should be treated as a forfeiture of the issue, and therefore the issue may be raised by the court sua sponte [only] in extraordinary circumstances."); *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority."); *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012) ("[T]he failure to make arguments and cite authorities in support of an issue waives it."); *In re Egidi*, 571 F.3d 1156, 1163 (11th Cir. 2009) ("Arguments not properly presented . . . are deemed waived.").

Instead, Fernandez contends that the prosecution against him *must* be motivated by bad faith because the Defendants "knowingly falsified" the evidence against him. Complaint at 2. But "the

Supreme Court held that bad faith 'in [the *Younger*] context generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction.'" *Leonard v. Ala. State Bd. of Pharm.*, 61 F.4th 902, 911 (11th Cir. 2023) (quoting *Kugler v. Helfant*, 421 U.S. 117, 126 n.6 (1975)). And this bad-faith exception *doesn't* apply just because Fernandez *feels* that he's innocent and that the State's evidence is fraudulent. *See Wilson v. Thompson*, 593 F.2d 1375, 1382 (5th Cir. 1979) (explaining that "a bad faith prosecution or a prosecution brought for purposes of harassment" occurs when the plaintiff's rights "cannot be vindicated by undergoing the prosecution");[2] *Diamond 'D' Constr. Corp. v. McGowan*, 282 F.3d 191, 199 (2d Cir. 2002) ("A state proceeding that is legitimate in its purposes, but unconstitutional in its execution—even when the violations of constitutional rights are egregious—will not warrant the application of the bad faith exception."); *see also, e.g.*, *Taylor v. Castillo*, 2022 WL 1443239, at *2 (S.D. Fla. May 6, 2022) (Ruiz, J.) (refusing to apply the bad-faith exception even though the plaintiff "claim[ed] that [his] new prosecution was born through animus"). And Fernandez hasn't argued—much less shown—that the State has *no* "reasonable expectation of obtaining a valid conviction." *Leonard*, 61 F.4th at 911. Since none of *Younger*'s three exceptions apply, we must abstain from exercising jurisdiction over this case.

***

Accordingly, we hereby **ORDER AND ADJUDGE** that the Complaint [ECF No. 1] is **DISMISSED without prejudice** under the *Younger* abstention doctrine. All pending motions are **DENIED as moot**. The Clerk of Court shall **CLOSE** this case.

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

**DONE AND ORDERED** in the Southern District of Florida on May 3, 2024.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   Jason Tomas Fernandez, *pro se*